IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| MARCUS ALLEN | * | |
| Petitioner, | * | |
| v. | * | 2:05-CV-264-WKW |
| | | (WO) |
| JAMES DELOACH, WARDEN, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by and through counsel on behalf of Petitioner Marcus Allen. Petitioner challenges his convictions, pursuant to his plea of guilty, for two counts of second degree rape entered against him by the Circuit Court for Montgomery, Alabama, on February 19, 2004. The trial court sentenced Petitioner on March 25, 2004 to twenty years imprisonment on each conviction to run concurrent. On April 8, 2004 the trial court granted counsel's motion to withdraw and thereafter appointed Petitioner new counsel. (Doc. No. 6, Exh. B; Doc. No. 9, Exh. A.)

Petitioner appealed his convictions. By order entered April 16, 2004, the Alabama Court of Criminal Appeals granted Petitioner fourteen days within which to certify those

issues he specifically reserved for appellate review prior to entering his guilty plea and/or submit a copy of a timely filed motion to withdraw the guilty plea or motion for new trial. Petitioner filed nothing in response to the appellate court's April 16 order within the time allowed. Consequently, on May 18, 2004, the Alabama Court of Criminal Appeals dismissed Petitioner's appeal for his failure to comply with its April 16, 2004 order and issued a certificate of judgment. (Doc. No. 6, Exhs. B-E; Doc. No. 9, Exh. A.)

Petitioner filed a post-conviction petition on June 11, 2004 complaining that trial counsel rendered a deficient performance during his guilty plea proceedings. The trial court denied the petition by order dated June 29, 2004. Petitioner did not appeal the trial court's ruling.[1] (Doc. No. 9, Exhs. F, F1, F2, G.)

Petitioner filed the instant application for habeas corpus relief on March 18, 2005. The sole issue presented concerns a challenge to trial counsel's performance. Specifically, Petitioner alleges that trial counsel refused him a jury trial, failed to preserve issues for

---

[1] In explanation for why an appeal from the trial court's denial of the Rule 32 petition was not filed, Petitioner, by and through counsel – who also represented Petitioner during his Rule 32 proceedings – states that a "Rule 32, A.RCr.P., Petition may only be filed in the circuit court; no direct appeal is otherwise authorized by law upon dismissal by the circuit court." (Doc. No. 1 at pg. 4.) What counsel intends to imply by this statement is not entirely clear, but the undersigned deems it appropriate to point out that pursuant to Rule 32.10, A.R.Cr.P., "[a]ny party may appeal the decision of a circuit court according to the procedures of the Alabama Rules of Appellate Procedure to the Court of Criminal Appeals upon taking a timely appeal as provided in Rule 4, Alabama Rules of Appellate Procedure." Thus, while there is no statutory requirement that an appeal be taken from the denial of a Rule 32 petition, an appeal from such denial is provided for in the Alabama Rules of Criminal Procedure. Of course, a petitioner in a state post-conviction proceeding has no constitutional right to counsel. *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1993).

appeal, and advised him that he would receive probation in exchange for his guilty plea. (Doc. No. 1.)

Respondents filed an answer in which they contend that Petitioner's habeas petition is due to be denied because his claims regarding trial counsel's performance during his guilty plea proceedings are procedurally defaulted. In support of their procedural default argument, Respondents contend that Petitioner's claims were not presented to the state courts in accordance with the state's procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Petitioner did not take advantage of the opportunity offered him to respond to Respondents' contentions. After reviewing the § 2254 petition and Respondents' answer, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

Respondents assert that Petitioner procedurally defaulted his claim that he received ineffective assistance of trial counsel. In support of their default argument, Respondents maintain that Petitioner failed to present this claim properly in accordance with the State's procedural rules. *See O'Sullivan*, 526 U. S. at 844-45 (1999); *Lambrix v. Singletary*, 520 U.S. 518, 523 (1997).

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Thus, claims which have never been presented to a state court or claims which were not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Collier v. Jones*, 910 F.2d 770, 773 (11th Cir. 1990).

In *Wainwright v. Sykes*, 433 U.S. 72 (1977), the Court held that consideration of a claim in a petition for habeas corpus can be barred by failure to comply with state procedural rules unless the petitioner makes either a showing of cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims. *Schlup v. Delo*, 513 U.S. 298, 320 (1995). To establish cause excusing a procedural default, a petitioner must show that the default resulted from an "objective factor external to the defense that prevented the [petitioner] from raising the claim[s] and which cannot be fairly attributable to his own conduct," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or that the defaulted claims raise issues that were "intrinsically beyond [a] *pro se* petitioner's ability to present them. *Harmon v. Barton*, 894 F.2d 1268, 1275 (11th Cir. 1990).

The court afforded Petitioner an opportunity to demonstrate the existence of cause for his failure to raise his ineffectiveness claim in the state courts properly and prejudice resulting from this failure. Petitioner filed no response. Thus, Petitioner has demonstrated neither cause for his failure to present the claim considered defaulted to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law.

"If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *McCleskey v. Zant,* 499 U.S. 467, 494-95 (1991). The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 327 (*citing Murray v. Carrier*, 477 U.S. at 496). "To establish actual innocence, [Petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States,* 523 U.S. 614, 623 (1998) (*citing Schlup*, 513 U.S. at 327-328). "It is important to note in this regard that

5

'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-624 (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id.* at 324.

Petitioner fails to make the requisite showing.  Petitioner presents no evidence nor suggests that any exists which could satisfy the difficult standard set forth in *Schlup*. Petitioner's procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Marcus Allen be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 28, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 15th day of March, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE